**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| **BRANDON PHILLIP GIANNINO,** | **)** | |
| | **)** | |
| **Appellant,** | **)** | |
| | **)** | |
| **v.** | **)** | 4:06-CV-133-AS |
| | **)** | |
| **NANCY J. GARGULA,** | **)** | |
| | **)** | |
| **Appellee.** | **)** | |
| | **)** | |

**MEMORANDUM OPINION & ORDER**

Appellant, Brandon Giannino ("the Appellant"), seeks judicial review of the United

States Bankruptcy Court's denial of his motion to reopen a chapter 7 bankruptcy case for the

purpose of converting it to a chapter 13 claim.   This Court has jurisdiction over this action

pursuant to 28 U.S.C. § 158.

On May 19, 2005, the Appellant filed a petition for bankruptcy under chapter 7 of the

Federal Bankruptcy Code. (Bankruptcy Docket No.1).  Though an adversary proceeding that

was commenced on August 19, 2005 was still ongoing, the Bankruptcy Court closed the

bankruptcy case on September 20, 2005. (Bankruptcy Docket No.17).   The adversary

proceeding was closed on May 5, 2006.  On August 24, 2006, the Appellant filed a motion

to reopen the bankruptcy case for the purpose of converting it to a chapter 13 case, which the

Bankruptcy Court denied on August 30, 2006. (Bankruptcy Docket No. 19-21).  On October

4, 2006, the Appellant appealed this denial and a hearing was held before this Court on April

3, 2007. (Docket No. 1, 5). Due to the unavailability of the undersigned, this case was reassigned. Thereafter, on April 4, 2008, the case was again reassigned to this Judge.[1] For the reasons set forth herein, the decision of the United States Bankruptcy Court is **reversed**, and the matter is **remanded** for further proceedings.

## Standard of Review

In reviewing the decision of a bankruptcy court, district courts are "constrained to accept bankruptcy court's findings of fact unless they are clearly erroneous" while "conclusions of law are reviewed *de novo*." Matter of Excalibur Auto. Corp., 859 F.2d 454, 457 n.3 (7th Cir. 1988).

## Discussion

The issue on appeal is whether the Appellant has an absolute right to convert his bankruptcy claim from chapter 7 to chapter 13. The Appellant contends that the Federal Bankruptcy Code provides him with an absolute right to convert his case at any time. Although the United States Trustee has filed a notice of non-involvement, indicating that she has no position in the matter at hand, Bankruptcy Judge Robert Grant disagreed with the Appellant's claim of an absolute right to convert. (Docket No. 2). Specifically, the Bankruptcy Court cited the case In re Terrell, which stands for the proposition that a chapter 7 case cannot be reopened for the purpose of converting to chapter 13. (Docket No. 1-5).

---

1      There was a lengthy delay in entering this order. Such a delay was unfortunate, but unavoidable on the part of this Court, and no disrespect is intended to those affected by the delay. (Docket Nos. 6, 7).

Under the Federal Bankruptcy Code, conversion from a chapter 13 case to a chapter 7 case is automatic, requiring no court approval. Fed. R. Bankr. P. 9013(f)(3) (stating that a "chapter 13 case *shall* be converted without court order...") (emphasis added). By contrast, the language dealing with a conversion from a chapter 7 case to a chapter 13 case contains no such mandatory instruction to the court. 7 U.S.C. §706(a) (stating, "a debtor *may* convert a case under this Chapter to a case under Chapter . . . 13 of this title at any time") (emphasis added). Despite the language used in the statute, many, including the Appellant, argue that debtors possess the right to convert a chapter 7 case to a chapter 13 case due to the Congressional Committee Reports, which explicitly states that 7 U.S.C. §706(a) grants the debtor an "absolute right." See S. Rep. No. 95-89 at 94 (1978); H.R. Rep. No. 95-595 at 380 (1977).

Due to the discrepancy in the statutory language, much controversy existed over whether 7 U.S.C. §706(a) provided for an absolute right of conversion. For example, in 2005, the United States Bankruptcy Court for the Northern District of Indiana stated:

> So, here's the twenty-four thousand dollar question: If the debtor's "right" to convert from Chapter 7 to Chapter 13 is "absolute", why is a motion required, rather than the procedure implemented by Fed. R. Bankr. P. 9013(f)(3)? . . . There is now a split in authority on this issue. A slight majority holds that section 706(a) provides a debtor with an absolute right to convert, subject only to statutory limitations, while a large and growing minority-actually by far the majority of more recent decisions on this issue-rely on either bad faith or extreme circumstances as grounds for denying conversion.

In re Kuhn, 322 B.R. 377, 392, 395 (Bankr. N.D. Ind. March 23, 2005).

In February, 2007, the Supreme Court resolved the controversy by determining that

the Federal Bankruptcy Code provides no absolute right to convert a case from chapter 7 to chapter 13. Marrama v. Citizens Bank of Massachusetts, 127 S. Ct. 1105 (2007) (Stevens, J.). Specifically, the Court opined that the purpose of the Bankruptcy Code was to grant a "fresh start" to the "honest but unfortunate debtor." Id. (quoting Grogan v. Garner, 498 U.S. 279, 286 (1991)). Writing for the majority in Marrama, Justice Stevens stated that, "The class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year." Id. at 1111. However, the Court held that denial of the right to convert is occasionally appropriate, but only where a debtor has exhibited bad faith and "atypical" conduct. Id. at 1112 n.11.

In Terrell, cited by the Bankruptcy Court in this case, the court held that the debtor does have an absolute right to convert to chapter 13, however, "he loses that right when the case is closed." In re Terrell, 1997 WL 52902 (Bankr. D. Dist. Col. 1997). Specifically, the Terrell court held that a "clean administration" of cases demanded a bright line rule holding that a chapter 7 case could be converted to chapter 13 after it was closed. Id. (positing, "[W]ere this court not to adopt a bright-line test where would the line be drawn? Could the debtor reopen his case to convert to chapter 13 ten years after closing? Five years? One year? One day?").

In the instant case, the Bankruptcy Court denied the Appellant's motion to convert his chapter 7 case to a chapter 13 case. (Docket No. 1-5). The opinion of the Bankruptcy Court

cites only the <u>Terrell</u> case as support for its decision.  However, this Court notes that <u>Terrell</u> was decided ten years before the United States Supreme Court's recent <u>Marrama</u> decision. Moreover, in <u>Marrama</u>, the Supreme Court indicated that conversion from chapter 7 to chapter 13 should be permitted in the vast majority of cases, barring bad faith on the part of the debtor.  The <u>Marrama</u> case is significant in that it does not cite the concern for timely administration of claims that was central to the <u>Terrell</u> court's holding.  Thus, consistent with the Supreme Court's mandate in <u>Marrama</u>, this Court holds that more than merely the possibility of administrative inconvenience must be present in order to allow denial of a motion to convert from chapter 7 to chapter 13.

Moreover, in cannot be said that this Court is aware of any bad faith on the part of the Appellant.  It appears that the Appellant falls into the category of "honest but unfortunate debtors" that the  Bankruptcy Code was designed to protect.  Thus, a remand is proper under the *de novo* standard of review.

## Conclusion

Based on the foregoing analysis, the decision of the United States Bankruptcy Court is **REVERSED**, and this matter **REMANDED** for further findings consistent with the Supreme Court's holding in <u>Marrama</u>.

**SO ORDERED**.

**Date: September 29, 2008**                        /s/ ALLEN SHARP
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**